KNECHT, Plaintiff in error, v. STATE, Defendant in error.

*No. State 197. Argued May 8, 1975.—Decided June 3, 1975.*
(Also reported in 229 N. W. 2d 649.)

For the plaintiff in error there was a brief by *Patrick J. Devitt* and *Patricia M. Heim,* both of the Legal Aid Society of Milwaukee, and oral argument by *Ms. Heim.*

For the defendant in error the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

HANLEY, J. The issue presented is whether the trial court abused its discretion by adding to the defendant's sentence an additional term for the crime of perjury and by considering an improper fact not of record?

The defendant contends that the trial court improperly added to the sentence an additional term for the crime of perjury and improperly considered the suicide of one of the alibi witnesses in sentencing him.

The question of the trial court's statements that perjury was committed by the defendant has been considered by this court previously. In *Lange v. State* (1972), 54 Wis. 2d 569, 196 N. W. 2d 680, the same trial judge made statements at sentencing about perjury. The court agreed that it would be impermissible to add to a defendant's sentence an additional term for the crime of perjury. However, this court said (p. 575) :

". . . We have, however, frequently pointed out that the trial judge's appraisal of a defendant's attitude, including the evidence of his veracity at trial is highly relevant to the exercise of sentencing discretion."

In the instant case, it is obvious that the trial judge knew he could not add to a sentence an additional term for the crime of perjury. The court specified the factors it took into consideration in sentencing the defendant and made no reference to perjury. In addition, the trial court ordered the district attorney's office to investigate and prosecute all people who were involved in this perjury. The order applied to all people involved and the defendant perpetrator was definitely involved.

The defendant also argues that the court abused its discretion by considering the suicide of one of the alibi witnesses after he testified. There is nothing in the record to indicate that this was a factor considered in determining the length of the sentence. The trial court mentioned it prior to imposing sentence, but did not mention it in giving the factors considered in determining the length of sentence.

We conclude that the judgment of conviction and sentence should be affirmed.

*By the Court.*—Judgment affirmed.