SMITH, Plaintiff in error, v. STATE, Defendant in error. [Case No. 76–506–CR.]

MARCINIAK, Plaintiff in error, v. STATE, Defendant in error. [Case No. 76–527–CR.]

Supreme Court

*Nos. 76–506–CR, 76–527–CR.  Submitted on briefs October 4, 1978. —Decided October 31, 1978.*
(Also reported in 271 N.W.2d 20.)

For the plaintiff in error the cause was submitted on the briefs of *Ben Kempinen,* Legal Assistance to Inmates Program, of Madison. [Case Nos. 76–506–CR, 76–527–CR.]

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Betty R. Brown,* assistant attorney general. [Case Nos. 76–506–CR, 76–527–CR.]

HEFFERNAN, J. We are asked to decide in these two cases whether, in circumstances where a defendant has been convicted of multiple offenses, but placed on probation with sentencing withheld or execution of sentence stayed, consecutive sentences may be imposed or allowed to go into effect following revocation of probation.

In each of these cases the defendant was found guilty of multiple felony offenses and initially placed on probation.

In Smith's case, following conviction, sentencing was withheld and the defendant was placed on probation. Subsequently, it was determined that Smith had committed additional violations. His probation was revoked. He was returned to court for sentencing, and at that time he was sentenced on five counts of issuing worthless checks, for which he had been convicted earlier. The sentences were for one year on each count, with four of the sentences to run concurrently and one to run consecutively to the others.[1]

---

[1] Smith's case is technically moot, because he has served the consecutive sentences and has been discharged from supervision. Because the sentencing problem posed in Smith's appeal

Marciniak, after a jury trial, was found guilty of burglary and pleaded guilty to two additional charges of burglary. He was sentenced to three consecutive ten-year terms. The execution of all sentences was stayed, and he was placed on probation. Subsequently, Marciniak's probation was revoked, the stays were vacated, and the sentences went into effect.

The effect of the sentencing following revocation in Smith's case and the effect of the lifting of the stay of execution of sentences in Marciniak's case was to send each of the defendants to state prison under circumstances where at least one of the sentences put into effect following the revocation of probation could not start "on the date he enters the prison." Sec. 973.10(2), Stats.

Both Smith and Marciniak argue that, under the rationale of *Drinkwater v. State,* 69 Wis.2d 60, 230 N.W.2d 126 (1975), it was beyond the statutory authority of the sentencing court to impose or to allow to be put into effect consecutive sentences following revocation of probation.

In *Drinkwater,* we held that a court's sentencing authority was controlled by statute and that, in the circumstances of *Drinkwater* (and *Trotter,* which was incorporated in *Drinkwater*), consecutive sentences could not be imposed or put into effect following the revocation of probation. In the *Drinkwater-Trotter* situation, however, each of the defendants was found guilty and sentenced to prison for a separate offense which intervened between his original order of probation and the subsequent revocation of probation. The *Drinkwater*

is one that is likely to be repeated in numerous criminal cases, and because the sentencing procedure and authority in criminal cases is an issue of a public character and of great public importance to courts, defenders, and prosecutors, we conclude that a review should be had on the issues presented, although our decision cannot affect Smith's case.

case was based upon the express legislative direction which appears in sec. 973.10(2), Stats. The pertinent part of that statute provides:

"If a probationer violates the conditions of his probation, the department may order him brought before the court for sentence which shall then be imposed without further stay or if he has already been sentenced, may order him to prison; *and the term of the sentence shall begin on the date he enters the prison.*" (Emphasis supplied.)

The holding, then, of *Drinkwater* is that a sentence imposed upon a revocation of probation cannot be made consecutive to a sentence previously imposed for an intervening conviction, because the sentence newly imposed or allowed to go into effect cannot begin on the date the defendant enters prison.

It is apparent that the factual setting of Smith and Marciniak differs from that of Drinkwater and Trotter.

Smith was found guilty and convicted of multiple offenses and was placed on probation. Sentencing was withheld. Probation was subsequently revoked and sentences were imposed, but no prison sentence intervened between the original conviction and probation and his sentencing following revocation of probation.

Although in Marciniak's case sentences were imposed, execution of the sentences was withheld, and he was placed on probation. No prison sentence intervened between the original sentencing and the subsequent revocation. Upon the revocation of probation, the order which stayed the execution of the original consecutive sentences was set aside and the consecutive sentences were permitted to go into effect.

It is thus apparent that, in the *Drinkwater-Trotter* situation, the sentences put into effect upon revocation of probation could not commence on the date of entry

into prison, because they were ordered to be consecutive to an intervening prison term. Because there was no intervening prison term in respect to Smith and Marciniak, at least one term for which they were sentenced to prison following revocation of probation would commence on the date they entered prison.

There is thus a factual distinction to be made between the consecutive sentences imposed on Drinkwater and Trotter and the consecutive sentences imposed on Smith and Marciniak. We conclude that the situations are not only factually different, but that the sentencing of Smith and Marciniak is fully consistent with the rationale of *Drinkwater*.

In *Drinkwater*, we pointed out that the final clause in the first sentence of sec. 973.10(2), Stats., "and the term of the sentence shall begin on the date he enters the prison," applied to both situations mentioned in sec. 973.10(2)—when a defendant after revocation is brought before the court for sentence and when a defendant has previously been sentenced and then revoked. It is clear, however, that when sec. 973.10(2) provides that a defendant may be brought before the court for "sentence," the court's power is not limited to the authority to impose but one sentence. Rather, the court may conduct a *sentencing procedure* and, for each conviction in respect to which probation has been revoked, the court may impose a sentence. In fact, then, sec. 973.10(2) provides that, following revocation, a probationer who has not previously been sentenced may be returned to the court for "sentencing."

When the final clause is read in conjunction with either of the factual situations posed on this appeal and when it is realized that the authority of the court is to impose whatever number of sentences is appropriate, it is apparent that the stricture imposed on the sentencing

authority is that the term of the sentence or term of the sentences imposed at the sentencing procedure following revocation must commence when the defendant enters prison.

Sec. 973.10(2), Stats., then, does not direct that each sentence imposed following revocation will commence on the date the defendant enters prison but only directs that the term of the sentences imposed commence on the date the defendant enters prison.

As pointed out in *Drinkwater,* the same rule is to be applicable whether the sentences were previously imposed and execution withheld or whether sentencing was withheld and imposed following revocation. The lacuna in the authority granted to the trial judge upon sentencing following revocation that was found to be fatal in *Drinkwater* is not the failure of the statute to authorize the court to make the sentences imposed following revocation consecutive to each other, but rather is the lack of authority given to the court to postpone the term of the sentences to a later date by making them consecutive to an existing prison term.

We conclude that the final clause of the first sentence of sec. 973.10(2), Stats., does not limit the authority of a sentencing court in the manner the defendants on these appeals suggest.

They rely in part upon sec. 990.001(1), Stats., which provides:

"990.001(1) **Construction of laws; rules for.** In construing Wisconsin laws the following rules shall be observed unless construction in accordance with a rule would produce a result inconsistent with the manifest intent of the legislature:

"(1) SINGULAR AND PLURAL. The singular includes the plural, and the plural includes the singular."

The defendants take the position that this means that each of the sentences imposed or ordered into effect after revocation of probation must begin on the date a defendant enters prison. They argue that, accordingly, no sentence imposed or ordered into effect following revocation of probation can be consecutive to another term ordered by the court at the same time.

Although the rule of construction of sec. 990.001(1), Stats., is pertinent, the defendants misapply it. When sec. 973.10(2) provides that a defendant may be brought before the court for "sentence," the clear intent is that the defendant be brought before the court for sentencing on whatever number of counts are involved. Sentence or sentencing, as used in the statute, is a collective expression, which refers to all the sentences a court may impose following revocation. In light of this, the intent of the legislature is advanced by applying the rule of construction of sec. 990.001(1) in respect to sec. 973.10(2) so that it reads, "the term of the sentences shall begin on the date he enters the prison." We construe "sentence" to mean the plural, "sentences."

Under such view, which we find unmistakably mandated by the interpretation we gave to sec. 973.10(2), Stats., in *Drinkwater,* there is no requirement that all of the sentences imposed following revocation commence on the date that the person enters prison. It is sufficient that the term of the sentences imposed or put into effect so commence.

Again, it must be emphasized that the facual situation presented in these appeals brought by Smith and Marciniak is far different from the situation discussed in *Drinkwater.* Both Drinkwater and Trotter had intervening sentences imposed. Only by making the sentences, imposed or put into effect following revocation,

concurrent with the sentence already in effect could the new sentences commence upon the date of entering the prison. In *Drinkwater,* by no stretch of the language, could it be concluded that the term of the sentence applicable after revocation began on that date. In the instant case, however, the defendants Smith and Marciniak went directly to prison to serve the term of the combined sentences, although each sentence imposed did not commence immediately. The term of the sentences began on the date they entered prison.

Another distinction between the *Drinkwater* cases and the instant cases is that, in *Drinkwater,* the defendants originally could not have been sentenced to serve the sentences consecutive to terms being served, because those intervening terms did not yet exist. In Smith and Marciniak's cases, the trial courts, however, could have initially sentenced the defendants to serve their sentences consecutively. Marciniak was in fact initially sentenced to consecutive sentences.

We conclude that the trial court properly sentenced Smith to five one-year terms, with one term to run consecutively to the others.

We conclude that, when Marciniak's probation was revoked, the court properly set aside the prior stay of execution of those consecutive sentences and that the provisions of sec. 973.10(2), Stats., were satisfied in that the term of the combined consecutive sentences commenced on the date he entered prison.

We hold, therefore, that, when a defendant is convicted of multiple offenses and placed on probation, consecutive sentences can be imposed upon the revocation of the probation if sentencing had previously been withheld; and we hold that, where a defendant was originally sen-

tenced to consecutive sentences and the sentences stayed, they may go into effect upon revocation of probation.

Marciniak also asserts additional issues on this appeal, the first of which is implicit in Smith's appeal also. The claim is that he has been denied equal protection because he was sentenced to consecutive sentences, while a defendant who comes specifically under the factual posture of *Drinkwater* need only serve sentences which begin on the date of prison entry. As we have pointed out, however, the factual posture of *Drinkwater* is far different. The two classes of defendants are not similarly situated. A person sentenced at one time upon mulitple convictions is not in the same position as one sentenced at different times. Also, as pointed out in *Drinkwater,* at 75, a defendant who, in some circumstances, might come under the rationale of *Drinkwater* could be sentenced to consecutive terms under the procedure utilized in *Sprang v. State,* 63 Wis.2d 679, 218 N.W.2d 304 (1974). This procedure was discussed in *Drinkwater.*

Defendant Marciniak also argues that, in the course of his sentencing procedure, the trial judge originally sentenced him to concurrent sentences and then later changed the sentences to three consecutive sentences. However, the record of the sentencing proceeding shows that the trial judge, in open court, discussed the sentences to be imposed with both the prosecutor and defense counsel. At one point he stated that it was his intention to impose concurrent terms; but upon further discussion and additional argument from the prosecutor, he made the sentences consecutive. It is apparent that his first statement in respect to the sentence was tentative. The record shows that the actual sentence, consecutive sentences, was not imposed until counsel had completed their arguments. The case is distinguishable from *Scott v. State,* 64 Wis.2d 54, 218 N.W.2d 350 (1974), and *State v. Foellmi,* 57 Wis.2d 572, 205 N.W.2d 144 (1973),

where the trial judge in each case modified the sentence some time after the close of the sentencing proceeding.

Marciniak also argues that the trial court abused its discretion when it imposed three maximum ten-year sentences for three burglary convictions. However, this appeal is from an order following a hearing on postconviction motions brought under sec. 974.06, Stats. A sec. 974.06 proceedings may properly challenge the authority to impose sentence but cannot be used to challenge a sentence because of an alleged abuse of discretion. This court has repeatedly held that postconviction review under sec. 974.06 is applicable only to jurisdictional or constitutional matters or to errors that go directly to the issue of the defendant's guilt. *See, Walberg v. State,* 73 Wis.2d 448, 243 N.W.2d 190 (1976) ; *Hall v. State,* 66 Wis.2d 630, 225 N.W.2d 493 (1975) ; *Peterson v. State,* 54 Wis.2d 370, 195 N.W.2d 837 (1972).

The question of abuse of discretion in sentencing cannot be raised under sec. 974.06, Stats., when a sentence is within the statutory maximum or otherwise within the statutory power of the court. The proper remedy is a motion for modification of sentence. *Hall v. State, supra* at 633. The defendant Marciniak concedes that sec. 974.06 proceedings are not ordinarily the proper forum to challenge a sentence on grounds of abuse of discretion, but he argues that, because the trial judge, in response to oral argument, said that he did not feel that the sentences were harsh, the postconviction proceedings should be treated as a motion to modify the sentence. We conclude to the contrary.

The motion itself was not for modification of the sentence, and the reference at oral argument to the harshness of sentence cannot support the conclusion that the

motion was treated in the trial court as one for modification of sentence.

In respect to Donald E. Smith, we conclude that the trial court was specifically authorized to impose consecutive sentences folllowing revocation of probation.

In respect to Richard A. Marciniak, we conclude that it was within the authority of the court, following revocation of probation, to set aside the earlier order, which stayed execution of the sentences, and to allow the previously imposed consecutive sentences to go into effect.

Because the interpretation of sec. 973.10(2), Stats., has become a recurrent problem, we repeat the language of *Drinkwater, supra* at 75–6:

"We emphasize that in an appropriate case the public interest is served by the imposition of a consecutive sentence following revocation of probation. To not permit such sentence when there has been a subsequent felony substantially diminishes the deterrent effect of the sentencing procedure. Remedial action is, however, for the legislature."

This case, like *Drinkwater*, evidences the need for the clarification of the important statutes relating to sentencing following probation revocation. Despite the fact that more than three years have passed since this court's opinion in *Drinkwater*, no legislation has clarified them. It should be unnecessary for the courts to construe and interpret a statute to find the legislative intent, when the legislative intent could be stated clearly and unmistakably. It is apparent, however, that problems in the interpretation and application of the sentencing and probation-revocation statutes will continue and will unnecessarily occupy the time and energy of the courts until appropriate clarifying legislation is enacted.

*By the Court.*—In No. 76–506–CR (Donald E. Smith, Jr.), order affirmed; and in No. 76–527–CR (Richard A. Marciniak), order affirmed.