KRUEGER, Plaintiff in error, v. STATE, Defendant in error.†

Supreme Court

*No. 76-433-CR. Submitted on briefs November 29, 1978.— Decided January 9, 1979.*
(Also reported in 272 N.W.2d 847.)

† Motion for reconsideration denied, without costs, on February 27, 1979. (Coffey, J., took no part.)

436

For the plaintiff in error the cause was submitted on the briefs of *Charlene R. Bohl,* Post-Conviction Defense Project, of Madison.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *David J. Becker,* assistant attorney general.

BEILFUSS, C.J.   The questions raised deal only with the sentencing and resentencing of the defendant after his conviction of armed, masked robbery. This conviction was in October, 1971.

On May 11, 1965, in a prior case arising out of separate criminal offenses, the defendant was sentenced in the Circuit Court for Milwaukee county, HERBERT J. STEFFES, Circuit Judge, to two concurrent terms of not more than ten years' imprisonment, following pleas of guilty to two counts of burglary contrary to sec. 943.-10 (1) (a), Stats. A subsequent motion to withdraw the

guilty pleas and set aside the judgment of conviction was denied. On January 11, 1971, defendant was released on an appearance bond as ordered by Judge STEFFES pending appellate review of the denial of the motion. The conviction was ultimately affirmed by this court in 1972 in *Krueger v. State,* 53 Wis.2d 345, 192 N.W.2d 880 (1972). It is not at issue here.

While out on bond, defendant was arrested and charged with the felony in this case, namely, armed robbery with concealed identity, party to a crime contrary to secs. 943.32(1)(b) and (2), 946.62 and 939.05, Stats. On July 7, 1971, Krueger was arraigned in the Circuit Court for Milwaukee county, JOHN L. COFFEY, Circuit Judge, and entered a plea of not guilty. On August 24, 1971, before his trial on the new charges, defendant voluntarily appeared before Judge STEFFES. At this time his appearance bond was terminated and he was returned to the Wisconsin State Prison at Waupun to continue serving his two concurrent 1965 burglary sentences.

A jury trial was held on the new charges and Krueger, along with his co-defendant Elrich Carlson, was found guilty of armed robbery while concealed, party to a crime. On October 27, 1971, defendant was sentenced by Judge COFFEY to an indeterminate term of imprisonment of not more than fifteen years. The sentence was, in the words of the trial court, to "run consecutive to your said parole violation for which you are incarcerated at this time."

More than four years after his 1971 conviction and sentencing, defendant filed a motion for correction of sentence dated November 30, 1975. At a hearing held on the motion defendant requested that his sentence be modified from fifteen years consecutive to parole violation to fifteen years to begin running on the date of imposition, October 27, 1971. In support of the motion de-

fendant introduced two stipulations entered into with the state. First, it was stipulated that the sentence imposed on defendant was being interpreted by the Registrar of the Wisconsin State Prison to run consecutive to any sentence previously imposed. The second stipulation declared that defendant had been reincarcerated on August 26, 1971 for violation of his appearance bond, not for a parole violation, and that at no time pertinent here was he on parole. In response to defendant's arguments, the court, citing portions of the transcript of the original sentencing proceeding, declared that it had been led to believe by both sides that defendant had been on parole at the time of his arrest on the second charges and was incarcerated as a result of his parole violation at the time of sentencing. Consequently, the court denied defendant's motion and, over defense objection, resentenced Krueger to an indeterminate term of fifteen years' imprisonment, to run consecutive to the sentence being served on the date of original sentencing. The order denying defendant's motion and sua sponte resentencing defendant was entered on September 30, 1976, with the effective date of the resentencing to be October 27, 1971. Defendant obtained a writ of error dated October 6, 1976 to review both parts of the order.

We deem the issues to be:

1. Was it an abuse of discretion for the trial court to deny defendant's motion to amend his sentence from a consecutive to a concurrent term.

2. Was it error for the trial court, sua sponte, to correct a factual error in the original sentence and reimpose in unambiguous language the same penalty intended and imposed, albeit in less fortunate terms, at the original sentencing proceeding.

As a preliminary matter the state contends that although defendant's motion for correction of sentence was

denied by the trial court on the merits, it could have been properly rejected as untimely. In view of the present posture of the case there is no need for a lengthy discussion of this point. In *Hayes v. State,* 46 Wis.2d 93, 102, 106, 175 N.W.2d 625 (1970), this court recognized the inherent power of a trial court to "amend, modify, and correct a judgment of sentencing," establishing a ninety-day limit within which the motion could be made. Thereafter, the trial court may entertain the motion in the exercise of its discretion.[1] No reason is given in the record for the delay of more than four years between sentencing and the motion for correction. There were no "new factors"—and none are alleged by defendant—which would justify a modification of sentence.[2] Nevertheless, in view of the real dispute over when the 1971 sentence commenced, and regardless of the ultimate disposition of the motion on the merits, it cannot be said that the trial court abused its discretion in entertaining defendant's motion brought so long after sentencing.[3] Neither can it be said, in light of the confusion over whether the sentence was to be served consecutively or concurrently, that the trial court exceeded its discretion in sua sponte resentencing defendant. The correctness of the sentence was properly before the court and should be reached by the court in this review.

[1] *Jones (Hollis) v. State,* 70 Wis.2d 62, 72, 233 N.W.2d 441 (1975).

[2] The term "new factor" was defined by this court in *Rosado v. State,* 70 Wis.2d 280, 288, 234 N.W.2d 69 (1975):

"As used in *Kutchera v. State,* [(1975), 69 Wis.2d 534, 553, 230 N.W.2d 750] and State v. Foellmi, [(1973), 57 Wis.2d 572, 581, 205 N.W.2d 144] the phrase 'new factor' refers to a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties."

[3] *State v. Hungerford,* 76 Wis.2d 171, 178, 251 N.W.2d 9 (1977).

It is defendant's position that the part of his sentence which mandated that the term be served "consecutive to your said parole violation for which you are incarcerated at this time" is void, because although he was in fact in prison at the time of sentencing, he was not there as a result of a parole violation. In consequence, defendant further argues, the trial court's decision to resentence him to an indeterminate term of fifteen years' imprisonment to run consecutive to the sentence he was serving on October 27, 1971 operated to increase his penalty and violated the guarantee against double jeopardy, since the remaining valid portion should have been construed to provide solely for a flat term of imprisonment of fifteen years.

The use of the phrase "consecutive to your said parole violation for which you are incarcerated at this time" is confusing in view of the fact that the defendant in this case was not in fact incarcerated for a parole violation when he was sentenced in 1971. While the court's language may not have been completely accurate, its intent to impose a sentence to run consecutive to the sentence being served on October 27, 1971, the date of the original sentencing, is indisputable. This intent is plainly revealed in the following interchange between the court and both counsel at the 1971 sentencing hearing:

"[For the state] *Mr. Skwierawski:* There is some confusion in my mind as to what holds there presently are on Mr. Krueger. He has a record in 1965, two counts of burglary and he was sentenced to ten years on each count, concurrently.
". . .
"*Court:* . . . Is he in prison at this time?
"[For the defendant] *Mr. Clarke:* Yes, he is.
"*Court:* Do you want to find out how much time he owes Wisconsin first? Do you know, Mr. Hasenbein? How much time Mr. Krueger owes Wisconsin at this time?

"*Mr. Hasenbein:* Our records show until May of 1975, Your Honor.

"*Court:* He owes Wisconsin until May of 1975?

"*Mr. Hasenbein:* Yes, sir.

"*Mr. Skwierawski:* Has there been some intervening cases where he was out on bond and went back in?

"*Mr. Clarke:* Mr. Krueger has a case pending, post convictions made by the attorney in that case apparently over a year ago. They were denied. But Judge Steffes allowed Mr. Krueger after that to go on his own recognizance on that case, an appeal was pending.

"Judge Steffes, on August 24th, this year, at Mr. Krueger's request, sent him back to Waupun I believe to serve time on the other cases. . . .

". . .

"*Mr. Skwierawski:* My recommendation as to Mr. Krueger is a substantial jail term consecutive to any other term that he might have.

". . .

"*Mr. Clarke:* I would ask the Court in imposing sentence to consider the fact that Mr. Krueger is presently serving a lengthy sentence and may have more time coming or may have gotten more time. In any event, he will be in the State Prison for a number of years.

"I would ask the Court in sentencing the defendant, Krueger, to make it concurrent with the sentence he is presently serving.

". . .

"*Court:* John Krueger, it is the said sentence of this Court that you serve an indeterminate term of not more than 15 years at the Wisconsin Prison at Waupun, Wisconsin.

"That sentence shall run consecutive to your said parole violation for which you are incarcerated at this time."

In *Hayes v. State,* 46 Wis.2d 93, 101–02, 175 N.W.2d 625 (1970), we stated:

"[A] court has the power to correct formal or clerical errors or an illegal sentence . . . at any time."

In view of the dispute over how the 1971 sentence was to commence, and in light of the fact that the intention

of the court to impose a consecutive sentence was plainly disclosed elsewhere in the record, the court was entitled to clarify the meaning of its original sentence. The court's use of "parole violation" rather than "appearance bond violation" is a distinction without a difference.[4] This mistake should not be allowed to defeat the trial court's obvious intent.[5]

Defendant's reliance on *Scott v. State*, 64 Wis.2d 54, 218 N.W.2d 350 (1974), is inappropriate. The present case does not present a situation where a sentence was later modified so as to conform the sentence to the court's original "unspoken intent." Rather it involves the application of the established proposition that an ambiguous sentence is to be construed to fulfill the sentencing court's clear intention. Because the court in resentencing Krueger merely clarified and reimposed the original sentence, no question of double jeopardy arises.

One final issue must be addressed. In his reply brief for the first time defendant makes the argument that the trial court's factually unfounded reference to defendant's incarceration for a parole violation impinged on his due process entitlement to be sentenced on the ba-

---

[4] The fact that defendant requested that the bond be cancelled before it was revoked by the court is immaterial. His violation of the terms of the bond is clear from the language the court used in issuing it: ". . . the said defendant may be released pending his appeal by posting bail in the sum of $7,500 upon the execution of an unsecured appearance bond, upon his personal signature, upon the terms and conditions orally pronounced by the Court in open court on January 11, 1971, including conditions that the defendant stay out of trouble, not violate any laws of Wisconsin or any other State or of the United States, . . . ."

[5] *See State v. Hungerford, supra*, 76 Wis.2d at 178; *Olson v. State*, 69 Wis.2d 605, 230 N.W.2d 634 (1975); *Green v. United States*, 365 U.S. 301, 306 (1961); *see also Yingling v. State*, 73 Wis.2d 438, 440, 243 N.W.2d 420 (1976).

sis of true and correct information.[6] An objection to a sentence on constitutional grounds will be entertained by this court in the exercise of its appellate power to review sentences. *State v. Tuttle,* 21 Wis.2d 147, 124 N.W. 2d 9 (1963). However,

". . . we start with the presumption that the trial court acted reasonably and with the requirement that the complainant must show some unreasonable or unjustifiable basis in the record for the sentence complained of." *Jung v. State,* 32 Wis.2d 541, 548, 145 N.W.2d 684 (1966). *See also Voight v. State,* 61 Wis.2d 17, 23, 211 N.W.2d 445 (1973), and *Knecht v. State,* 68 Wis.2d 697, 229 N.W.2d 649 (1975).

The defendant argues that the trial court's mistaken belief that defendant was incarcerated for a parole violation weighed heavily with the court at the time of sentencing. However there is nothing in the record to suggest that this erroneous factor was even considered by the court in fixing the length of defendant's sentence. Certainly, the court's isolated, casual reference does not warrant so sweeping a conclusion. Furthermore, it is impossible to believe, as defendant alleges, that the 1971 sentence would have been less severe had the judge known the correct facts, *i.e.,* that defendant was actually incarcerated at the time of sentencing for violation of an appearance bond and not for a parole violation. Defendant's argument that he was not sentenced on the basis of true and correct information is unsupported by the record and by the facts of the case.

We believe the trial court clearly intended that the 1971 sentence for armed robbery was to run consecutive to the sentence being served at the time the later sentence was imposed. This purpose is plainly evinced

---

[6] *Bruneau v. State,* 77 Wis.2d 166, 175, 252 N.W.2d 347 (1977).

by the interchange between court and counsel at the original sentencing hearing and at the hearing on the motion. The court's misapprehension regarding the immediate cause of defendant's incarceration, which cause was not a factor in fixing the length of defendant's sentence, should not be held to vitiate this otherwise clear intent. Given the dispute concerning when the 1971 sentence commenced, the court was well within its sentencing discretion in sua sponte clarifying the meaning of the original sentence at the 1975 postconviction hearing. This being so, the trial court properly denied defendant's motion to modify the sentence from a consecutive to a concurrent term.

*By the Court.*—Order affirmed.

COFFEY, J., took no part.