CRESCI, Plaintiff in error, v. STATE, Defendant in error.

Supreme Court

*No. 76–639–CR. Submitted on briefs January 31, 1979.—Decided May 30, 1979.*
(Also reported in 278 N.W.2d 850.)

---

[2] *See: Merkley v. Schramm,* 31 Wis.2d 134, 142 N.W.2d 173 (1966).

For the plaintiff in error the cause was submitted on the briefs of *John I. Norsetter,* Legal Assistant to Inmates Program of Madison.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Edward S. Marion,* assistant attorney general.

DAY, J. The court is asked to review an order, entered December 21, 1976, the Honorable John L. Coffey, presiding, denying the plaintiff in error's motion to amend sentence.

The principal question on appeal is: Did the trial court err when it failed to give notice to the defendant or his attorney of the hearing on the motion?

We hold that it was error and that as a matter of law it was not harmless. The matter must be remanded for an evidentiary hearing on the trial court's intention at the time of sentencing on January 18, 1973.

The pertinent facts in this case are not in dispute. James T. Cresci, the plaintiff in error, (hereafter defendant) was found guilty of two counts of armed robbery on August 4, 1965. As a result of his conviction, he was sentenced to two ten-year terms to run concurrently with one another and with a previous five-year sentence for robbery imposed on March 6, 1962.

On December 22, 1970, the defendant reached his mandatory release date and was paroled from Wisconsin State Prison at Waupun. On June 25, 1971, the defendant violated his parole agreement and on August 18, 1971, his parole was revoked.[1] He was received at Wisconsin State Prison at Waupun on January 1, 1972. Pursuant to sec. 57.072, Stats. (1971), his period of parole was tolled from June 25, 1971 until January 1, 1972.[2]

On July 3, 1972, the defendant was again paroled from the State Prison at Waupun. On September 19, 1972, the defendant was deemed to have violated his parole agreement, when it was alleged that he had committed a robbery. On January 17, 1973, the defendant was found

---

[1] The revocation was overturned because of failure to allow defendant assistance of counsel. *Cresci v. Schmidt*, 419 F. Supp. 1279 (E.D. Wis. 1976).

[2] "57.072. **Period of probation or parole tolled.** The period of probation or parole ceases running upon the offender's absconding or committing a crime or some other violation of the terms of his probation or parole which is sufficient in the opinion of the court or the department to warrant revocation of probation or parole. It remains tolled until the happening of one of the following events: Receipt of the offender at the penal institution to which he has been sentenced or from which he has been paroled; in cases supervised by the department, reinstatement of the offender's parole or probation by order of the department; in cases of misdemeanants and in cases under s. 973.11, reinstate-

guilty of robbery contrary to sec. 943.32(1)(a), Stats. Following his conviction, the trial court sentenced the defendant to an indeterminate term of not more than ten years, consecutive to the sentences he had been serving when he violated his parole. At this time, the defendant's parole had not been revoked, nor was he returned to Wisconsin State Prison any time between the alleged parole violation and the January 17, 1973 sentencing.

The next day, January 18, 1973, the defendant was again brought before Judge Coffey. At this time, the court said:

". . . having, re-considered the said sentence in this case due to the fact that the defendant did not lie, chose not to testify rather than lie to the Court, this Court is going to give him consideration and for that reason will order the said sentence previously imposed as consecutive to run concurrent with his said parole violation."

The defendant was received at Wisconsin State Prison at Waupun on January 18, 1973. His parole was revoked on March 7, 1973.

On August 17, 1976, the defendant moved the trial court for an order modifying his sentence by reducing the ten-year term imposed January 18, 1973 in the amount of two years, ten months and fifteen days. On October 25, 1976, defendant's attorney John Norsetter, talked to Mr. Al Buggs, clerk for Judge Coffey. Mr. Buggs said that the judge would be hearing the defendant's motion soon. Mr. Norsetter told Mr. Buggs that if the district attorney was going to oppose the motion, the defense wanted an opportunity to respond orally or in writing. Neither the defendant nor his attorney was given notice of the hearing. On October 27, 1976, the judge held a hearing which was attended only by the assistant district

ment of probation by order of the court. The date of the order of reinstatement is the date on which the period of probation or parole again begins to run."

attorney who spoke to the issue.[3] The court then denied the defendant's motion. A writ of error to review the order denying the motion was issued March 3, 1977.

The original sentence imposed by the trial court on January 17, 1973 was an indeterminate ten-year term to be served consecutive to the sentences the defendant was

[3] The transcript of the hearing shows the following:
"CHARGE: ROBBERY

"APPEARANCES:
"THOMAS HAMMER, Assistant District Attorney, for the State of Wisconsin.

"DEFENDANT NOT PRESENT IN COURT.

. . . . . .

"*The Court:* James Thomas Cresci.
"*Mr. Hammer:* This is a motion, Judge, to reduce the defendant's sentence by two years, ten months, and fifteen days. I don't know where that calculation comes from. It's based upon statements in his motion that he feels that this is appropriate in view of what was on the Court's mind at the time of sentencing.
"Upon a review of the transcript of this case, it shows that the defendant was originally sentenced by this Court to a consecutive-type sentence, and the next day that the Court changed it to a concurrent sentence, recognizing the fact that the defendant did not lie to this Court. There's no showing here of any new factors. There's no showing of any abuse of discretion on the part of the Court in imposing the sentence that was imposed. Further, there is no showing here that this sentence is so cruel and unusual in length as to be unconstitutional, and, therefore, this motion is lacking in any of the standards for—or standards and criteria for the modification of sentence, and the State will oppose any modification at this time.
"*The Court:* Let the court record indicate that the Court has reviewed the defendant's petition and brief on file with this Court, and the Court denies the defendant's request for a reduction in sentence, and the Court orders the—The Court further ordered on the date of the said sentencing that the—the day after the original sentencing on January 17, 1973, at which time the Court ordered a consecutive sentence. The Court changed this sentence on January 18, 1973 to a concurrent sentence, and the Court as of this date confirms the concurrent ten-year sentence imposed by this Court on January 18, 1973 and denies the defendant's re-

serving when he violated his parole. That sentence was illegal insofar as it was made consecutive under the rationale of *Guyton v. State*, 69 Wis.2d 663, 230 N.W.2d 726 (1975). In *Guyton*, the defendant was serving three concurrent sentences at the Wisconsin State Reformatory when he was released on parole on May 3, 1972. While on parole, he committed a burglary for which he was sentenced on September 7, 1973. The new sentence was for an indeterminate term of "not more than six years consecutive to any term that he owes the State as the result of any parole violation." It was not until November 26, 1973 that his parole was revoked. The court held that the law did not permit the imposition of a consecutive sentence under those circumstances because the defendant was not "then serving a sentence" under the terms of sec. 973.15(1), Stats. (1973).[4] Under sec. 57.072, *supra,* the period of parole ceases upon the com-

---

quest to reduce the said sentence by two years, ten months, and fifteen days or to reduce the said sentence in any manner, shape, or form. That was the Court's decision as of this date, and it was the Court's intention as of the date of the sentencing that the said sentence should be ten years concurrent as recited by the Court as of January 18, 1973."

[4] "973.15. **Sentence, terms, escapes.** (1) All sentences to the Wisconsin state prisons shall be for one year or more. Except as otherwise provided in this section, all sentences commence at noon on the day of sentence, but time which elapses after sentence while the defendant is in the county jail or is at large on bail shall not be computed as any part of his term of imprisonment. The court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent or that it shall commence at the expiration of any other sentence; and if the defendant is then serving a sentence; the present sentence may provide that it shall commence at the expiration of the previous sentence. If a convict escapes, the time during which he is unlawfully absent from the prison after such escape shall not be computed as part of his term. Courts may impose sentences to be served in whole or in part concurrently with a sentence being served in a federal institution or an institution of another state."

Sec. 973.15(1), Stats. was amended by Ch. 347, Laws of 1977.

mission of a crime or some other violation of the terms of parole "which is sufficient in the opinion of the court or the department to warrant revocation" of parole. Since the defendant had not been returned to the institution from which he had been paroled prior to sentencing for the burglary conviction, he was not in a status in which he was accumulating time for the discharge of the earlier imposed sentences, and thus was not, under the statutes, "then serving a sentence."

Similarly, in the instant case, the defendant's period of parole ceased running with the commission of the robbery on September 19, 1972. Since he had not been returned to the state prison prior to his sentencing on January 17, 1973, the defendant was not during that time serving a sentence under the provisions of sec. 973.15(1), Stats. (1973). Thus, the trial court was without authority to impose a consecutive sentence for the new conviction on January 17, 1973.

On January 18, 1973, however, the trial court, *sua sponte,* reduced the defendant's sentence and ordered the ten-year sentence imposed the previous day to run concurrently with the terms the defendant was serving when he violated his parole. Although the original sentence was improper under *Guyton,* that was not the reason the trial court chose to correct the sentence. Instead, the court indicated that earlier it had not given sufficient weight to the fact that the defendant had chosen not to testify in the case, and for that reason, modified the sentence.

At the time the defendant was sentenced on January 17, 1973, he had approximately three and one-half years left to serve on his earlier convictions. The defendant suggests that the court may have thought he had only three years remaining on his sentences since it failed to mention an earlier parole violation for which the defendant had about six months of tolled time. Thus, the

defendant theorizes that when the court imposed the ten-year consecutive sentence on January 17, 1973, the court knew that the defendant would be serving sentences totalling about thirteen years. When the court changed the sentence to a ten-year concurrent sentence, the defendant argues that its intent was to reduce the total sentence from approximately thirteen to ten years, or by about three years. Since the trial court merely succeeded in converting an improper sentence into a proper one, the defendant argues that the resulting sentence did not reflect the trial court's intention to give him additional consideration for not testifying.

The state urges this court to affirm the order of the trial court for the reason that while the defendant's motion was denied on the merits, it could have been properly rejected as untimely. *Hayes v. State,* 46 Wis.2d 93, 102, 175 N.W.2d 625 (1970), recognized the inherent power of a trial court to "amend, modify, and correct a judgment of sentencing," and established a period of ninety days from sentencing to bring a motion for modification. As this court has stated repeatedly, the ninety day period is regulatory, not jurisdictional, and the trial court may entertain a motion made after ninety days in the exercise of its discretion. *State v. Hungerford,* 76 Wis.2d 171, 178, 251 N.W.2d 9 (1977); *Krueger v. State,* 86 Wis.2d 435, 440, 272 N.W.2d 847 (1978). There were no "new factors" alleged by the defendant as justification for modification of sentence.[5] Given the ambiguity cast upon the trial court's intent by *Guyton, supra,* however, it cannot be said that the trial court abused its discretion in entertaining the defendant's motion on the merits.

---

[5] As defined in *Rosado v. State,* 70 Wis.2d 280, 288, 234 N.W. 2d 69 (1975), the term "new factor" refers to "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties."

The state also argues that the trial court was without authority when it modified the original sentence from consecutive to concurrent. Therefore, it urges that even if the trial court did intend to reduce the defendant's sentence by a flat number of years off the maximum, that intent should not be effectuated.

While the trial court may not revise a sentence merely upon "reflection," *Scott v. State,* 64 Wis.2d 54, 59, 218 N.W.2d 350 (1974), it may review its sentence for abuse of discretion based upon its conclusion that the sentence was unduly harsh or unconscionable. *State v. Wuensch,* 69 Wis.2d 467, 480, 230 N.W.2d 665 (1975). If the sentence is to be reduced upon those grounds, the trial court should set forth its reasons why it concludes the sentence originally imposed was unduly harsh or unconscionable. *Id.* In the instant case, the trial court stated that it was giving additional consideration to the fact that the defendant had been unwilling to lie to the court, that is, that the defendant had chosen not to testify rather than lie to the court. Without commenting on the trial court's assumption that the defendant would have committed perjury had he testified, the trial judge was entitled to take into account the defendant's "remorse, repentance and cooperativeness." *State v. Tew,* 54 Wis.2d 361, 368, 195 N.W.2d 615 (1972). While the waiver of a constitutional right may be taken into account in mitigation, its invocation may not be used in aggravation of the sentence. *See, Scales v. State,* 64 Wis. 2d 485, 496, 219 N.W.2d 286 (1974) ; *Williams v. State,* 79 Wis.2d 235, 238, 255 N.W.2d 504 (1977). Thus, the trial court acted within its discretion when it modified the defendant's sentence from consecutive to concurrent.

The defendant contends that he was entitled to a hearing under sec. 974.06 (3) which provides :

"974.06  **Postconviction procedure.** . . . (3) Unless the motion and the files and records of the action conclusive-

ly show that the prisoner is entitled to no relief, the court shall:

"(a) Cause a copy of the notice to be served upon the district attorney who shall file a written response within the time prescribed by the court.

"(b) Appoint counsel pursuant to s. 970.02(6), if, upon the files, records of the action and the response of the district attorney appears that counsel is necessary.

"(c) Grant a prompt hearing.

"(d) Determine the issues and make findings of fact and conclusions of law. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

However, the defendant's motion to modify sentence was not a 974.06 motion. In the first place, the defendant did not denominate his motion as arising under sec. 974.06. But more importantly, the substance of his motion did not raise constitutional or jurisdictional matters. This court has repeatedly held that postconviction review under sec. 974.06[6] is applicable only to jurisdictional or constitutional matters or to errors that go directly to the issue of the defendant's guilt. *Smith v. State*, 85 Wis.2d 650, 661, 271 N.W.2d 20 (1978). The defendant's motion merely raised a question as to the trial court's intent when sentence was imposed.

---

[6] "974.06 **Postconviction procedure.** (1) A prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

Thus, the authority for the defendant's motion to modify sentence came, not from sec. 974.06, Stats., but from *Hayes v. State, supra* and cases following it.

The judge might have decided within his discretion that a hearing was not necessary since the question was what the judge intended at the time he modified the original sentence. However, the record shows that the fact is he did hold a hearing. He called the matter up by calling the defendant's name in open court. The assistant district attorney responded, explained the motion before the court and argued against the defendant's position. The defendant had no opportunity to respond either orally or in writing. Such an error cannot be deemed harmless.

In remanding this case, the majority of this court recognizes that the issue raised by the defendant's motion may be trivial. However, this Court can not take matters of fundamental rights lightly. It is elementary due process that if a court does hold a hearing, as was done here, it may not do so without notice to the other party. We have no alternative but to vacate the order and return the matter to the trial court for a factual determination of the intent of the trial court at the time of sentence modification.

*By the Court.*—Order reversed and cause remanded for further proceedings not inconsistent with this opinion.

COFFEY, J., took no part.

CONNOR T. HANSEN, J. *(dissenting)*. In the name of due process the majority is remanding this case for a factual determination that has already been made and which is clearly set out in the record. The majority is putting form over substance and its action represents a meaningless attempt to protect a right which the defendant was never entitled to.

The defendant's whole appeal is based on his theory that in modifying the sentence from consecutive to concurrent the trial court intended to reward him with a flat reduction of three years. This argument was made to the trial court in defendant's motion for modification of sentence and in denying the motion the trial court clearly addressed this argument:

". . . The Court changed this sentence on January 18, 1973 to a concurrent sentence, and the Court as of this date confirms the concurrent ten-year sentence imposed by this Court on January 18, 1973 and denies the defendant's request to reduce the said sentence by two years, ten months, and fifteen days or to reduce the said sentence in any manner, shape, or form. That was the Court's decision as of this date, and it was the Court's intention as of the date of the sentencing that the said sentence should be ten years to concurrent as recited by the Court as of January 18, 1973."

With this statement in the record I fail to see what can be accomplished by remanding this case for an evidentiary hearing to again determine the intention of the trial court. The trial court has disposed of defendant's theory and nothing remains to be brought out in a future hearing.

In my opinion the absence of counsel for the defendant at the time the motion was disposed of was not error. However, if by some rationale it can be labeled error, it certainly is harmless beyond a reasonable doubt. The defendant's attorney apparently wanted the opportunity to appear and tell the trial court what it intended in modifying the sentence. This, in addition to the fact that the defendant himself had already told the trial court just that in an argument contained in the motion. Defendant's position here is untenable because no amount of argument was likely to convince the trial court that its intent was other than it had stated before. The presence

of defendant's attorney in court would have made and will make no difference in the result.

As previously stated, I do not consider the procedure used here to constitute error and in my opinion no ex parte hearing which denied the defendant any due process right was held. In his notice of motion defendant himself said he would make his motion "at a time and place to be set, if the Court deems a hearing necessary." The verbal request on October 25, 1976, by the defendant's attorney to a deputy clerk asking that he be notified if the district attorney was going to oppose the motion should be given no weight. Such informal requests are not a substitute for a formal written request that alerts any person examining the file that certain notice demands have been made. Had defense counsel made the appropriate demand it is unlikely we would be faced with the problem presented in this case. Even if the defendant's motion had had the status of a sec. 974.06, Stats., motion, which it did not, he would not have been entitled to a hearing if the motion and record conclusively showed that he was not entitled to relief. The trial court's decision on the motion here reflects that the trial court had concluded that the defendant was not entitled to a modification based on his reading of defendant's petition and brief. Even if the brief recital of the case the assistant district attorney presented in court can be considered argument, the trial court made no reference to it in disposing of defendant's motion. Obviously to ascertain its own intent the trial court did not need to refer to the party's arguments, which shows the futility of a hearing in this case.

The trial court could have made this same ruling without holding any proceedings in court. The state could have filed a written brief in opposition. If that had been the case the defendant would have nothing to argue about here. I do not think that the fact that the trial court

and the assistant district attorney were in court when these separate actions took place should be dignified by raising it to the status of a due process issue.

The defendant has secured a response by the trial court to his argument. Nothing more remains to be done. I would affirm the order of the circuit court.

I am hereby authorized to state that Mr. Justice CALLOW joins in this dissenting opinion.