STATE of Wisconsin, Respondent,

v.

Dale MARTIN, Appellant.

Court of Appeals

*No. 80–782–CR. Submitted on briefs November 19, 1980.—Decided January 13, 1981.*
(Also reported in 302 N.W.2d 58.)

---

For the appellant the cause was submitted on the brief of *Michael Yovovich*, assistant state public defender.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Kirbie Knutson*, assistant attorney general.

Before Donlin, P.J., Foley, J., and Dean, J.

FOLEY, J.   Does a trial judge abuse his sentencing discretion when he uniformly refuses to consider a grant of probation for an offense even though probation is an available sentencing alternative? We hold, and the state concedes, that this mechanistic approach to sentencing is not the exercise of sentencing discretion. The sentence must therefore be vacated, and this case must be remanded for the resentencing of Dale Martin.

Martin was convicted of delivery of a controlled substance in violation of sec. 161.41(1)(b), Stats. Probation is available as a sentencing alternative for this offense. Section 973.09, Stats. The trial judge, however, stated that he would never grant straight probation to a person convicted of this offense. This preconceived policy is impermissibly tailored to fit only the crime and not the offender and is impermissibly, at least in part, closed to individual mitigating factors. *See Williams v. New York,* 337 U.S. 241 (1949); *United States v. Foss,* 501 F.2d 522 (1st Cir. 1974).

There is a strong policy against an appellate court interfering with a trial court's sentence. *Hanneman v. State,* 50 Wis.2d 689, 184 N.W.2d 896 (1971). Even if a trial court fails to explain its reasons for a sentence, an appellate court will search the record to determine whether the sentence can be upheld. *McCleary v. State,* 49 Wis.2d 263, 182 N.W.2d 512 (1971). In this case, however, it would be disingenuous for this court to search the record because it would ignore the fact that the trial court expressly refused to consider the available and possibly appropriate probation alternative.

This court has the authority to modify the sentence. *Rosado v. State,* 70 Wis.2d 280, 234 N.W.2d 69 (1975) ; *McCleary.* Even though all of the facts of this offense, the presentence report, and the recommendations of the parties are before this court, we instead elect to remand. This case was tried to a jury, and the trial judge has the benefit of his observations of Martin and the various witnesses at trial. Although Martin has requested remand to another judge for resentencing, he cites no statutory or case authority to support his request, and we can find none.

*By the Court.*—Judgment vacated and cause remanded for resentencing.