STATE of Wisconsin, Plaintiff-Respondent,

v.

Mickey Lee SMITH, Defendant-Appellant.†

Court of Appeals

*No. 89-0779. Submitted on briefs November 13, 1989.—Decided December 20, 1989.*

(Also reported in 451 N.W.2d 794.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *William M. Calhoun, Jr.* of *Legal Assistance to Institutionalized Persons Program* of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *Barry M. Levenson,* assistant attorney general.

Before Brown, P.J., Scott and Nettesheim, JJ.

NETTESHEIM, J. Mickey Lee Smith appeals from an order denying his motion for postconviction relief pursuant to sec. 974.06, Stats. In his motion, Smith sought relief from the sentences imposed pursuant to a plea agreement whereby he entered pleas of no contest to charges of injury by conduct regardless of life and armed robbery.

The issue raised by Smith is whether he is entitled to relief from the sentences on the ground that the district attorney breached his agreement to refrain from making a sentence recommendation. Because we conclude that Smith has waived his right to review of this issue by failing to raise a contemporaneous objection, we affirm the trial court's order denying relief.

Smith entered his plea of no contest pursuant to a plea agreement with the district attorney whereby the

district attorney agreed to refrain from making a sentencing recommendation. At the sentencing hearing, prior to imposition of the sentence, the district attorney made statements which Smith now argues constituted a breach of the plea agreement. Smith did not object to the statements at the sentencing hearing. Now, on motion for postconviction relief, he raises for the first time his claim that the district attorney breached the plea agreement.

The supreme court has held that the right to object to an alleged breach of a plea agreement is waived when the defendant fails to object and proceeds to sentencing after the basis for the claim of error is known to the defendant. *Grant v. State,* 73 Wis. 2d 441, 447, 243 N.W.2d 186, 190 (1976); *cf. Farrar v. State,* 52 Wis. 2d 651, 660, 191 N.W.2d 214, 219 (1971) (stating in dicta that the situation is not so much waiver as it is abandonment of the right to object). Here Smith does not dispute that at sentencing he was fully aware that the plea agreement was that the district attorney would refrain from making a sentencing recommendation. He and his attorney were present at sentencing and had the opportunity to make the same objection Smith now raises for the first time on a motion for postconviction relief. Smith had the opportunity, but he did not object. *See Farrar,* 52 Wis. 2d at 660, 191 N.W.2d at 219. We conclude that by failing to object to the prosecutor's statements on the ground of the breached plea agreement when the basis for that objection was known, Smith has waived his right of review on that issue. *See Grant,* 73 Wis. 2d at 447, 243 N.W.2d at 190.[1]

---

[1]An appellate court may sustain a trial court's holding on a theory or reasoning not presented to the trial court. *State v. Holt,* 128 Wis. 2d 110, 125, 382 N.W.2d 679, 687 (Ct. App. 1985).

In affirming the trial court's order, we also reject Smith's request that this court review his claim and reverse the trial court's order pursuant to sec. 752.35, Stats. Section 752.35 provides that this court may reverse a judgment or order when it appears from the record that the real controversy has not been fully tried or that it is probable that justice has miscarried. Situations in which the controversy has not been fully tried have arisen: (1) when a jury was not given an opportunity to hear important testimony that bore on an important issue in a case; or (2) when a jury had before it testimony or evidence which had been improperly admitted and which obscured a crucial issue and prevented the real controversy from being fully tried. *State v. Schumacher,* 144 Wis. 2d 388, 400, 424 N.W.2d 672, 676 (1988). Reversal based on a miscarriage of justice may be ordered only when this court is persuaded that there is a substantial probability of a different result on retrial. *Id.* at 400–01, 424 N.W.2d at 676–77. Because neither of these tests is satisfied in this case, we affirm the trial court's order.

*By the Court.*—Order affirmed.

Consequently, regardless of whether the state raised the waiver issue in the trial court and regardless of whether the trial court relied on that issue in denying relief, we may use it as a basis for affirming the trial court's order. *See id.* at 124–25, 382 N.W.2d at 686–87.