PER CURIAM.
¶1 Jaquel Elijah Simmons appeals judgments convicting him of possession of a firearm contrary to a court order, four counts of burglary as a party to a crime, and misdemeanor endangering safety by use of a dangerous weapon as an incident of domestic abuse. He also appeals orders denying his postconviction motions. Simmons argues: (1) the circuit court did not sufficiently explain why twenty years of initial incarceration was the minimum amount of confinement necessary to achieve its sentencing objectives; (2) his sentence is harsh and excessive; and (3) the circuit court's condition of supervision that he have only third-party contact with his two young sons is unreasonable. We affirm.[1]
¶2 Simmons pled guilty pursuant to a plea agreement in the two cases underlying this appeal. In the first case, Simmons pled guilty to four counts of felony burglary. In the second case, Simmons pled guilty to one count of possession a firearm contrary to a court order, which is a felony, and one count of misdemeanor recklessly endangering safety. As to the second case, which involved an altercation with Simmons' girlfriend regarding his visitation with their two young children, multiple misdemeanor counts were dismissed and read in for sentencing, as was an additional count of felony possession of a firearm contrary to a court order. The circuit court imposed four years of initial confinement and two years of extended supervision for each count of burglary, to be served consecutively. The circuit court also imposed four years of initial confinement and two years of extended supervision for possessing a firearm contrary to a court order, to be served consecutively, and nine months concurrent for endangering safety. In total, Simmons was sentenced to twenty years of initial confinement and ten years of extended supervision.
¶3 Simmons first argues that the circuit court did not sufficiently explain why twenty years of initial incarceration was the minimum confinement necessary to achieve its sentencing objectives. Sentencing is committed to the circuit court's discretion. State v. Ziegler , 2006 WI App 49, ¶22, 289 Wis. 2d 594, 712 N.W.2d 76, 82. When imposing a sentence, the circuit court must consider the principal objectives of the sentence, which "include, but are not limited to, the protection of the community, the punishment of the defendant, rehabilitation of the defendant, and deterrence to others." Id. , ¶23. The sentence imposed should be " 'the minimum amount of custody or confinement' " consistent with the objectives of the sentence. State v. Gallion , 2004 WI 42, ¶44, 270 Wis. 2d 535, 678 N.W.2d 197. However, a sentencing court is not required "to provide an explanation for the precise number of years chosen." State v. Taylor , 2006 WI 22, ¶30, 289 Wis. 2d 34, 710 N.W.2d 466. This is because "the exercise of discretion does not lend itself to mathematical precision." Gallion , 270 Wis. 2d 535, ¶49.
¶4 In framing its sentence, the circuit court emphasized that Simmons had harmed many people. Although Simmons was charged with only four burglaries, the court was aware that Simmons was implicated in dozens of burglaries. The circuit court said that Simmons' actions were aggravated because he was the ringleader of the group committing burglaries, and the burglaries targeted homes with jewelry or weapons, resulting in more weapons being on the street for criminal purposes. As for the case involving Simmons' girlfriend, the circuit court pointed out that when Simmons fired multiple gunshots into the air outside the home of his girlfriend and children, "the bullets had to come down some place, which of course endangered the safety of everybody who lives in the vicinity." Case law mandates that a circuit court's sentencing decision be based on a process of reasoning that depends on the facts and the appropriate law. See Taylor , 289 Wis. 2d 34, ¶17. The circuit court's decision here meets this standard. The circuit court was not required to explain in more depth why it chose to impose exactly twenty years of initial incarceration for the six convictions. See id. , ¶30 (the sentencing court was not required "to provide an explanation for the precise number of years chosen.").
¶5 Simmons next argues that his sentence is harsh and excessive. The circuit court misuses its discretion when it imposes a sentence that "is so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." State v. Grindemann , 2002 WI App 106, ¶31, 255 Wis. 2d 632, 648 N.W.2d 507. The circuit court imposed four years of incarceration for each felony conviction, which was well below the maximum sentence. The court explained that it imposed the sentences consecutively because Simmons victimized many different people. As such, the sentence was not harsh or excessive.
¶6 Finally, Simmons argues that the circuit court imposed an unreasonable condition of extended supervision by prohibiting him from direct contact with this two young children as a condition of extended supervision. The circuit court may impose extended supervision conditions. WIS. STAT. § 973.01(5) (2017-18). The conditions must be "reasonable and appropriate." State v. Koenig , 2003 WI App 12, ¶7, 259 Wis. 2d 833, 656 N.W.2d 499. The conditions are committed to the circuit court's discretion. Id.
¶7 The circuit court's oral sentencing decision did not restrict Simmons' contact with his girlfriend and children. However, the written judgment of conviction stated that Simmons could not have contact with the burglary victims, his girlfriend, who was the victim of the misdemeanor endangering safety charge, or his two young children. Simmons moved for postconviction relief, arguing that the no-contact provision as to his girlfriend and the children was erroneously included in the written judgment of conviction. The circuit court granted Simmons' postconviction motion in part, modifying the judgment of conviction to allow Simmons contact with his girlfriend through a third party for the purposes of parenting and allowing him contact with his children through a third party. The circuit court did not explain its reasoning.
¶8 When the circuit court does not explain its discretionary decision, we will search the record for reasons to sustain the circuit court's exercise of discretion. McCleary v. State , 49 Wis. 2d 263, 282, 182 N.W.2d 512 (1970). We conclude that the condition of extended supervision with regard to Simmons' children was reasonable. Simmons fired multiple gun shots into the air outside the children's home because he was angry after an argument with their mother over whether he could visit the children. Although Simmons did not intend to harm the children, his actions could have resulted in harm to them. Simmons engaged in dangerous behavior that shows that he lacks judgment and self-control. The extended supervision condition protects the children. Therefore, we conclude that the circuit court's order reasonably allowed Simmons to have contact with the children through a third party as a condition of his extended supervision.
By the Court. -Judgments and orders affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2017-18).

The Honorable William S. Pocan presided over Simmons' motion for sentencing credit. The Honorable Jeffrey A. Wagner presided over all other proceedings.