COURT OF APPEALS
DECISION
DATED AND FILED

October 13, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1194**

STATE OF WISCONSIN

Cir. Ct. No. 2019TP115

IN COURT OF APPEALS
DISTRICT I

IN RE THE TERMINATION OF PARENTAL RIGHTS TO R.A., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

PETITIONER-RESPONDENT,

V.

C.A.A.,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: GWENDOLYN G. CONNOLLY, Judge. *Affirmed*.

¶1     DUGAN, J.[1]  C.A.A. appeals the order of the Milwaukee County Circuit Court terminating his parental rights and argues that the circuit court erroneously admitted the case worker's testimony regarding his ability to fulfill the conditions for his child's return.  He further argues that any error in admitting the case worker's testimony was not harmless.  That is the sole issue on this appeal.  This court concludes that the case manager's testimony was properly admitted and, therefore, affirms the order.[2]

## BACKGROUND

¶2     The State filed a petition to terminate the parental rights of C.A.A. to his son, R.A., on July 9, 2019, alleging grounds for termination based on R.A. being a child in continuing need of protection and services (CHIPS) and C.A.A.'s failure to assume parental responsibility.  As is relevant here, the continuing CHIPS grounds were based on repeated incidents of domestic violence between C.A.A. and R.A.'s mother.  The petition alleged that C.A.A. continued to have contact with R.A.'s mother despite the repeated incidents of domestic violence and in violation of a no-contact order.  The petition also alleged that C.A.A. repeatedly failed to participate in his treatments for domestic violence and alleged that C.A.A. routinely impeded reunification efforts because C.A.A. would cancel visits with R.A. because he was "sick or tired."  The petition alleged that C.A.A. generally showed a lack of motivation to meet the conditions to have R.A. returned to his care.

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2]  Because this court concludes that the testimony was properly admitted, we do not address C.A.A.'s argument regarding harmless error.

¶3     The conditions that C.A.A. needed to meet in order to have R.A. returned included controlling his mental health, not allowing violence in his home, resolving his criminal cases, and overall to put R.A.'s needs before his own and provide a safe and stable home environment.

¶4     C.A.A. challenged the grounds for termination of his parental rights, and the case proceeded to a jury trial. At trial, the State introduced testimony from the case manager, Megan McDonald, regarding C.A.A.'s efforts to meet the conditions for R.A.'s return and C.A.A.'s ability to meet the conditions in the future. McDonald had been the case manager since November of 2018 and had extensive experience assisting C.A.A. with measures intended to help him satisfy the conditions for R.A.'s return.

¶5     For example, McDonald testified that she spent more time with C.A.A. than others, but he failed to take advantage of the time she was willing to spend with him and counsel him on how to meet the conditions for R.A.'s return. He was also inconsistent with his visits with R.A. and would cancel his visits for being tired or sick. McDonald testified that, as a result of his inconsistency, C.A.A.'s visits with R.A. were not progressing. McDonald further testified that C.A.A.'s visits could not progress to unsupervised visits because of the unhealthy relationship C.A.A. maintained with R.A.'s mother, and that C.A.A.'s inability to maintain a healthy relationship or to end that relationship concerned McDonald.

¶6     Ultimately, McDonald testified that C.A.A. had not met the conditions for R.A.'s return and testified regarding C.A.A.'s ability to satisfy the conditions in the future saying, "If I'm making my opinion on what he's done during the previous two years on this case, then I would have to say the likelihood is low." C.A.A. objected to this testimony, arguing that it was expert testimony

and, therefore, not properly admitted. The circuit court overruled this objection and allowed the testimony.

¶7 Following the trial, the jury returned a verdict finding that both grounds for the termination of parental rights existed, and the case proceeded to the dispositional phase of the proceedings, after which the circuit court terminated C.A.A.'s parental rights. C.A.A. appealed and now argues that the circuit court erroneously admitted the testimony of the case manager to prove that he would not meet the conditions for R.A.'s return in the nine-month period following the trial, and he further argues that this error was not harmless.

## DISCUSSION

¶8 The circuit court has "broad discretion in determining the relevance and admissibility of proffered evidence." *State v. Brecht*, 143 Wis. 2d 297, 320, 421 N.W.2d 96 (1988). This court "will not set aside a discretionary ruling of the [circuit] court if it appears from the record that the court applied the proper legal standards to the facts before it, and through a process of reasoning, reached a result which a reasonable judge could reach." *State v. Grindemann*, 2002 WI App 106, ¶30, 255 Wis. 2d 632, 648 N.W.2d 507.

¶9 As part of the continuing CHIPS grounds for terminating C.A.A.'s parental rights, the circuit court instructed the jury that the State was required to prove that "there is a substantial likelihood that the parent will not meet the conditions [of return] within the 9-month period following the fact-finding

hearing." WIS. STAT. § 48.415(2)(a)3. (2015-16).[3] To do this, the State offered the above testimony from McDonald as lay opinion testimony.

¶10 Opinion testimony from a lay witness is admissible if it is (1) "[r]ationally based on the perception of the witness," (2) "[h]elpful to a clear understanding of the witness's testimony or the determination of a fact in issue," and (3) "[n]ot based on scientific, technical, or other specialized knowledge." WIS. STAT. § 907.01. Testimony based on scientific, technical, or other specialized knowledge is considered expert testimony governed by WIS. STAT. § 907.02.

¶11 This court has previously affirmed circuit court decisions to admit testimony from a case manager that the parent was unlikely to meet the conditions of a child's return as lay opinion testimony. *See* *State v. B.D.H.*, Nos. 2017AP2390 and 2017AP2391, unpublished slip op. (WI App Mar. 6, 2018) (concluding that a case manager's testimony opining "that she did not believe that [the parent] would be able to meet those conditions in the next nine months" was properly admitted as lay opinion testimony); *Dane Cnty. DHS v. J.B.*, No. 2016AP2422, unpublished slip op. (WI App Feb. 16, 2017) (concluding that the circuit court erred in admitting case manager testimony as expert opinion); and *La Crosse Cnty. DHS v. C.J. T.*, No. 2015AP252, unpublished slip op. (WI App

---

[3] We note that effective April 6, 2018, our legislature changed one of the elements of the continuing CHIPS ground by amending WIS. STAT. § 48.415(2)(a)3. *See* 2017 Wis. Act 256, § 1. The prior version of subdivision 3. required the petitioner to show, among other things, that there was a "substantial likelihood" that the parent would not meet "the conditions established for the safe return of the child to the home" within "the 9-month period following the fact-finding hearing." Our legislature eliminated the 9-month failure to meet requirement when it amended WIS. STAT. § 48.415(2)(a)3. *See* 2017 Wis. Act 256, § 1. Neither party raises any issue regarding what, if any, effect that amendment has in this case. Therefore, we do not address the amendment.

Oct. 16, 2015) (concluding that counsel was not ineffective for failing to object to a case manager's testimony regarding a parent's future ability to meet the conditions of return).

¶12 Accordingly, this court finds that the circuit court did not erroneously exercise its discretion here when it admitted McDonald's testimony as lay opinion testimony. McDonald satisfied the first two requirements for lay witness testimony by providing testimony regarding her background and experience with this type of work, her background and experience with this case specifically, and her repeated efforts to assist C.A.A. She then provided her opinion, based on her perception, regarding whether C.A.A. would meet the conditions of R.A.'s return, and she did so in order to assist the jury in determining an element that the circuit court instructed them upon as an element the State was required to prove for the continuing CHIPS grounds for termination. Moreover, McDonald's testimony "falls within the understanding of a reasonable juror" and thus admitting McDonald as an expert is not required. ***B.D.H.***, Nos. 2017AP2390 and 2017AP2391, ¶16. Indeed, "the testimony reflected an inference that the jurors surely would have drawn on their own." ***J.B.***, No. 2016AP2422, ¶12.

## CONCLUSION

¶13 This court concludes that the circuit court did not erroneously exercise its discretion in admitting the case manager's testimony. Therefore, this court affirms the circuit court's order terminating C.A.A.'s parental rights.

*By the Court.*—Order Affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.