**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 22, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP949-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2021CF1191

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JERRELL D. JOHNSON,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JEAN M. KIES, Judge. *Affirmed.*

Before White, C.J., Geenen and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jerrell D. Johnson appeals from a judgment convicting him of one count of homicide by the negligent handling of a dangerous weapon and one count of being a felon in possession of a firearm. He also appeals the order denying his postconviction motion for sentence modification. Upon review, we affirm.

## BACKGROUND

¶2 On March 29, 2021, the State charged Johnson with one count of felony murder as a party to the crime (stemming from an armed robbery) and one count of being a felon in possession of a firearm. According to the complaint, on September 17, 2020, Milwaukee police were dispatched to the scene of a shooting where they discovered the victim, M.D.H., dead in the front seat of his car. M.D.H. had sustained gunshot wounds to his head and neck. Johnson's fingerprint was discovered on the passenger side of M.D.H.'s car and surveillance video showed someone matching Johnson's appearance running from M.D.H.'s vehicle.

¶3 Johnson ultimately pled guilty to an amended charge of homicide by the negligent handling of a dangerous weapon and to being a felon in possession of a firearm. At the plea hearing, Johnson's counsel provided the factual basis for Johnson's pleas, telling the circuit court that on the morning of the shooting, M.D.H. was meeting with Johnson to buy drugs. At some point M.D.H. pointed a gun at Johnson. The two fought over the gun, which went off while it was in Johnson's hand, killing M.D.H. Johnson panicked and ran away with the gun. The State, Johnson, and the court all accepted this version of events as providing the factual basis for Johnson's pleas. The court also reviewed the potential penalties for each offense with Johnson and Johnson stated that he understood. The court accepted Johnson's pleas and later sentenced him to five years of initial

2

confinement followed by five years of extended supervision on the homicide charge and four years of initial confinement and one year of initial confinement on the felon in possession charge, to run consecutively.

¶4    Following sentencing, Johnson filed a postconviction motion for sentence modification, arguing that the circuit court erroneously exercised its discretion in imposing "unduly harsh" consecutive sentences based on the fact that he was acting in self-defense, did not have a significant criminal record, and had a full-time job. The postconviction court denied the motion without a hearing, stating that the record supported Johnson's sentence and that his claim of self-defense "[did] not fully capture all of the facts of this case." This appeal follows.

## DISCUSSION

¶5    On appeal, Johnson reiterates his postconviction claim that the circuit court's sentence was unduly harsh because it did not appropriately consider that Johnson was "acting in self-defense, did not have a significant record of prior convictions, and had a full-time job" (some capitalization omitted). We disagree.

¶6    A circuit court has the authority to modify a sentence that is "unduly harsh or unconscionable." *State v. Cummings*, 2014 WI 88, ¶71, 357 Wis. 2d 1, 850 N.W.2d 915 (citation omitted). "A sentence is unduly harsh or unconscionable 'only where the sentence is so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances.'" *Id.*, ¶72 (citation omitted). A sentence that is "well within" the statutory limits is unlikely to be unduly harsh or unconscionable. *Id.*, ¶74.

¶7      Whether the sentence imposed was unduly harsh and unconscionable presents a question that we review for an erroneous exercise of discretion. *State v. Grindemann*, 2002 WI App 106, ¶30, 255 Wis. 2d 632, 648 N.W.2d 507. We will uphold a circuit court's discretionary decision if it "applied the proper legal standards to the facts before it, and through a process of reasoning, reached a result which a reasonable judge could reach." *Id.*

¶8      Here, Johnson was convicted of one count of homicide by the negligent handling of a weapon and one count of being a felon in possession of a firearm, both Class G felonies carrying potential maximum 10-year sentences and $25,000 fines. *See* WIS. STAT. §§ 940.08, 941.29, 939.50(3)(g) (2023-24).[1] Neither of the circuit court's sentences exceeded the maximum penalties. Moreover, the record shows that the court appropriately considered Johnson's character, the gravity of the offenses, and the public's need for protection. *See State v. Odom*, 2006 WI App 145, ¶7, 294 Wis. 2d 844, 720 N.W.2d 695. Specifically, the court considered Johnson's positive attributes, his willingness to accept responsibility for his actions, and his strong family support. The court also considered Johnson's somewhat dated criminal history, the need to protect the community, and the need "to send a message to our community [] that our people deserve better[.]" The postconviction court also noted that Johnson's self-defense claim was somewhat disingenuous, as it "did not fully capture all of the facts of this case … [and] … if all of [Johnson's] actions were lawfully privileged acts of self-defense, this would not have been before the court for sentencing." In short, the circuit court did not erroneously exercise its sentencing discretion and the

_____

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

postconviction court did not erroneously deny Johnson's motion for sentence modification.

## CONCLUSION

¶9      For the foregoing reasons, we affirm the judgment of conviction and the order denying Johnson's motion for sentence modification.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)5.