STATE of Wisconsin, Plaintiff-Respondent,

v.

Bruce J. KUECHLER, Defendant-Appellant.

Court of Appeals

*No. 02–1205–CR. Submitted on briefs August 22, 2003.—
Decided October 29, 2003.*

2003 WI App 245

(Also reported in 673 N.W.2d 335.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Charles Bennett Vetzner*, assistant state public defender, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Christopher G. Wren*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Anderson, P.J., Brown and Snyder, JJ.

¶ 1. ANDERSON, P.J. Bruce J. Kuechler appeals from a judgment of conviction and an order denying a motion for postconviction relief. Kuechler was convicted of seventh offense operating a motor vehicle while intoxicated (OWI) contrary to Wis. Stat.

§ 346.63(1)(a) (2001–02).[1] Kuechler argues that the sentencing court erroneously exercised its discretion and violated his constitutional rights by arbitrarily imposing a fine according to a local sentencing guideline and by failing to consider his ability to pay the fine imposed. For the reasons explained below, we affirm in part and reverse in part.

## FACTS

¶ 2. After Kuechler's conviction for a seventh offense OWI, the court sentenced him to a three-year term of confinement and a two-year period of extended supervision; he was also sentenced to pay a fine.

¶ 3. In the court's sentencing statement, it concluded that a maximum term of confinement was not required but a maximum "overall sentence" was necessary. The court admonished Kuechler, stating:

> [Y]ou, of all people, should have been in a position to know that if you're going to drink you don't get behind the wheel. And you've had so much experience with drunk driving. You, of all people, should know that . . . .
>
> . . . .
>
> I'm looking at your other criminal record. The fact that you have a lengthy history of OWIs and you have a history of other violent offenses here and other offenses here. And you continue to flagrantly violate the law, despite the fact that you've had all these previous contacts.

The court then summarized the aggravating features of Kuechler's offense:

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

I think this is an aggravated case considering the BAC; considering the many repeated and recent OWIs; considering your other criminal history; considering the fact that you were driving at this time, one, while you were out on bond for another pending fifth or subsequent OWI offense, and, two, while your license was revoked for an offense from 1999 for which you shouldn't have been driving, for which you were on bond for. Nor should you have been driving for this offense.

Finally, the court explained its reasons for imposing the guidelines:

That suggests to the Court that for me to do anything but what the guidelines call for would be an incredible disregard of the law, the guidelines, what they're meant to do, what they are suggested to do. And I think that would unduly depreciate the seriousness of this offense as well as not adequately protect society .... And I don't—I just—I think that it is—that to do anything but what the guidelines call for would unduly depreciate the risk that [Kuechler's conduct] poses and the seriousness of this offense.

¶ 4. As mitigating factors, the court noted that Kuechler was cooperative with law enforcement, that he was truly remorseful, that he had "finally gotten to the root" of some of his problems and that he had a good employment history.

¶ 5. The court concluded that Kuechler should "pay a fine, according to the guidelines, which is $8,852."[2]

---

[2] The OWI sentencing guidelines for fifth and subsequent offenses with aggravating factors lists $8,852 as the total financial payment amount. The fine imposed before surcharges and assessments is $6,800.

¶ 6. After sentencing, new defense counsel filed a motion for postconviction relief disputing fine-related issues. The motion argued that imposing a fine solely on the basis of the guidelines was both statutorily and constitutionally impermissible; that even if the use of a guideline is proper, the court used the wrong guideline; and that the court erred in not considering Kuechler's ability to pay the fine. The court denied Kuechler's motion. Kuechler appeals his judgment of conviction and the order denying his postconviction motion.

## DISCUSSION AND LAW

¶ 7. Sentencing lies within the discretion of the circuit court. *State v. Echols*, 175 Wis. 2d 653, 681, 499 N.W.2d 631 (1993). In reviewing a sentence, this court is limited to determining whether there was an erroneous exercise of discretion. *Id.* There is a strong public policy against interfering with the sentencing discretion of the circuit court, and sentences are afforded the presumption that the circuit court acted reasonably. *Id.* at 681–82.

¶ 8. If the record contains evidence that the circuit court properly exercised its discretion, we must affirm. *State v. Cooper*, 117 Wis. 2d 30, 40, 344 N.W.2d 194 (Ct. App. 1983). Proper sentencing discretion is demonstrated if the record shows that the court "examined the facts and stated its reasons for the sentence imposed, 'using a demonstrated rational process.' " *State v. Spears*, 147 Wis. 2d 429, 447, 433 N.W.2d 595 (Ct. App. 1988) (citation omitted). "To overturn a sentence,

a defendant must show some unreasonable or unjustifiable basis for the sentence in the record." *Cooper*, 117 Wis. 2d at 40.

¶ 9. On appeal, Kuechler makes four arguments. We address them in order. First, Kuechler argues that the "selection of the fine here constitutes . . . a prohibited mechanistic approach [in violation of *State v. Martin*, 100 Wis. 2d 326, 327, 302 N.W.2d 58 (Ct. App. 1981)], as the trial judge simply selected the fine by reading an (erroneous) amount from a sentencing grid." We do not agree.

¶ 10. In *State v. Jorgensen*, 2003 WI 105, ¶¶ 2, 27, 264 Wis. 2d 157, 667 N.W.2d 318, the supreme court made it clear that although local sentencing guidelines are only applicable to prohibited alcohol concentration (PAC) offenses and are not to be robotically applied to OWI offenses, it is not error to make reference to local guidelines when sentencing for an OWI offense. With regard to this issue, the trial court engaged in a proper sentencing colloquy. The trial court's sentencing colloquy applies to both the prison time imposed and to the fine. There is no requirement that a court give separate reasons for imposing jail or prison time than it gives for imposing a fine. It is sufficient that, in the exercise of its sentencing discretion, the court provides reasoning. Therefore, we conclude that it was not error for the court to seek guidance from the local sentencing guidelines.

¶ 11. Second, Kuechler argues that "[e]ven if the size of the fine could be based exclusively on a guideline recommendation, the court here failed to give adequate reasons for choosing the more severe of two alternative

guidelines." We disagree. The court exercised appropriate discretion when it chose to impose a fine based on the guidelines that highlighted aggravating factors rather than on the guidelines that highlighted mitigating factors. The court specifically characterized this case as an "aggravated" one and the court identified the factors that led it to that characterization. Thus, the record contains evidence that the trial court properly exercised its discretion and we will not disturb the court's decision. *See Cooper*, 117 Wis. 2d at 40; *see also Spears*, 147 Wis. 2d at 447.

¶ 12. Third, Kuechler argues that basing the size of the fine on localized sentencing guidelines violates due process and equal protection. Again, we cannot agree. Just as *Jorgensen*, 264 Wis. 2d 157, ¶¶ 2, 27, negated Kuechler's first argument, it negates his third: it is not error, and thus not unconstitutional to make reference to local guidelines when sentencing for an OWI offense.

¶ 13. Fourth, Kuechler contends that the trial court imposed the fine without first ascertaining his ability to pay. We agree. Because Kuechler timely raised the issue of ability to pay in his postconviction motion, the trial court had a duty to make a determination on that issue. *See State v. Iglesias*, 185 Wis. 2d 117, 129, 517 N.W.2d 175 (1994).

¶ 14. The evidence of inability to pay on the part of Kuechler in the court below is unsatisfactory. After Kuechler raised the issue of ability to pay in his postconviction motion, it does not appear in the record that there was a hearing at which Kuechler's ability to

pay the fine was determined. "Such a hearing is necessary to avoid an unconstitutional application of the statutes." *State ex rel. Pedersen v. Blessinger,* 56 Wis. 2d 286, 298, 201 N.W.2d 778 (1972). The only evidence we have is the court's decision on the motion, which does not demonstrate a determination on this issue. This decision states in relevant part:

> ' With respect to the fine imposed, again, the defendant did not receive the maximum possible fine. In addition, the fine is not due immediately or within a time frame that is impossible for the defendant. The defendant will have a lengthy time period to pay the fine imposed. At sentencing, the defendant recognized the fine was part of the law but had no comment on the appropriate fine.

We agree with Kuechler that "[i]t is not clear why the court here stated that Kuechler had a long time to pay the fine." Neither the court's sentencing statement nor its judgment of conviction provided an extended installment payment plan. This portion of the case should be remanded to determine whether Kuechler is able to pay the fine.

¶ 15. Upon remand, the trial court should be mindful of the following. In *Pedersen,* 56 Wis. 2d at 291–92, and again in *Iglesias,* 185 Wis. 2d at 129–30, the supreme court cited with approval section 2.7 of the American Bar Association's *Standards on Sentencing Alternatives and Procedures:*

> (c) In determining whether to impose a fine and its amount, the court should consider:
>
> (i) the financial resources of the defendant and the burden that payment of a fine will impose, with due regard to his other obligations;

(ii) the ability of the defendant to pay a fine on an installment basis or on other conditions to be fixed by the court;

(iii) the extent to which payment of a fine will interfere with the ability of the defendant to make any ordered restitution or reparation to the victim of the crime; and

(iv) whether there are particular reasons which make a fine appropriate as a deterrent to the offense involved or appropriate as a corrective measure for the defendant.

*Iglesias*, 185 Wis. 2d at 130.

¶ 16. Finally, in the future, we strongly advise the courts below to abide by the supreme court's counsel in *Pedersen*: "Much time could be saved if trial courts would follow the practice of ascertaining the defendant's ability to pay a fine at the time of sentencing." *Pedersen*, 56 Wis. 2d at 296.

*By the Court.*—Judgment and order affirmed in part; reversed in part and cause remanded with directions.